UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ROSHAWN SMITH,

                    Petitioner,

v.

JIM SCHWOCHERT, Warden,

                    Respondent.

Case No. 13-CV-932-JPS

ORDER

---

The petitioner, Roshawn Smith ("Smith"), filed a petition for a writ of habeas corpus. (Docket #1). Magistrate Judge Aaron E. Goodstein screened that petition and allowed the petition to proceed. (Docket #5). Due to the non-consent of the parties, the case was reassigned to this branch of the Court. (Docket #9). The State of Wisconsin (hereafter "the State" or "Wisconsin") then filed a response on the respondent's behalf. (Docket #15). Smith filed a supporting brief, to which the State responded. (Docket #16, #19). Smith failed to file a reply within the Court's briefing schedule, so the matter is fully briefed and ready for disposition.[1]

In reaching its decision, the Court will begin by describing the factual background of this case. Thereafter, the Court will discuss the pertinent law and its application to the specific facts of the case. As discussed in detail below, the Court finds that none of Smith's claims form the basis for habeas relief.

---

[1] The Court forewarned Smith that no further extensions of time would be granted. (*See* Docket #20). As such, his request for an extension of time (Docket #27) will be denied as moot.

1.  BACKGROUND

In 2007, the State of Wisconsin charged Smith in a criminal complaint with one count of possession with intent to deliver more than 10,000 grams of THC as a party to a crime, contrary to Wis. Stat. §§ 961.41(1m)(h)5 and 939.05 (Docket #15-21 at 3). Smith was alleged to have been involved in a scheme to ship bricks of marijuana from California to Brown County, Wisconsin, via Federal Express. (Docket #15-15 at 4).

1.1  Circuit Court Proceedings

The following evidence was presented. The Green Bay Police Department was notified in September 2006 by a California police official that two suspicious packages were being transported from California to Green Bay via FedEx. The Green Bay officers, with the consent of FedEx, took a trained dog to a FedEx facility to sniff the packages for the presence of narcotics. The dog "alerted" to the packages. (Docket #15-7 at 2).

The packages were addressed to "Jo Korbine" at a Green Bay address. A police officer dressed as a FedEx employee delivered the packages to that address. A person named Shannon Kortbein ("Kortbein") accepted delivery, signed for the packages, and asked that they be placed on the porch. Shortly thereafter, police officers executed a search warrant and seized the packages. The shipping labels had been removed and were found torn up in Kortbein's kitchen. While the officers were searching Kortbein's residence, they saw two men—one later identified as Terri Thomas ("Thomas")—appear to approach the residence. Subsequent testing showed that each package contained about twenty-five pounds of marijuana and tested positive for THC. (Docket #15-7 at 2).

Kortbein testified at trial that she and Smith had been friends for several years, and Smith had introduced her to Thomas. Shortly after their

introduction, Thomas called Kortbein on her cell phone and offered to pay her $500 if she would accept delivery of packages at her residence. She agreed. Approximately a week later she received a package. Thomas picked up the package a few days later, and shortly thereafter Smith gave her $400 without explanation. Prior to September 20, 2006, she had received two more deliveries. Both times Thomas picked up the packages and, shortly thereafter, Smith paid her $400. (Docket #15-7 at 3).

Another State witness, David Mehlhorn ("Mehlhorn"), testified that he was a friend of Smith and had agreed to accept delivery of packages between July and October of 2006. Mehlhorn accepted deliveries on three occasions. After the packages were delivered, Smith and Thomas would pick them up. Mehlhorn reported this to the police after seeing a story about Thomas in the news. (Docket #15-7 at 3).

At trial, Smith did not contest the chemical composition and weight of the seized material; instead, his defense was that he had no involvement in the crime. (*See* Docket #15-35 at 1-2). Smith entered a written stipulation with the State before trial that the material seized by law enforcement constituted over 10,000 grams of THC, which was the amount sufficient to constitute the Class E felony of possession with intent to deliver. (Docket #15-15 at 6). During the course of trial, the circuit court read the stipulation to the jury and instructed the jurors at the close of evidence to accept as a proven fact the amount of THC seized. (Docket #15-36 at 21).

Ultimately, the jury convicted Smith of party to the crime of possession with intent to deliver TCH, as charged in the information. (Docket #15-36 at 147). The circuit court then sentenced Smith to 6 years of initial confinement and 5 years of extended supervision. (Docket #15-1 at 1). With the benefit of counsel, Smith filed a post-conviction motion alleging that

he was denied the right to have the jury determine the weight of the element of the offense and that the trial evidence was insufficient to support the verdict. (Docket #15-4 at 34-35). The circuit court denied the motion, finding that Smith had made a knowing, voluntary, intelligent waiver of the right to have the jury determine the weight of the drug and that the evidence was sufficient to support the conviction. (Docket #15-4 at 42-43).

1.2     Appeal of Conviction

Smith appealed his conviction to the Wisconsin Court of Appeals ("the court of appeals"). On appeal, Smith made two arguments in favor of reversal: (1) that he did not validly waive his right to have the jury determine the weight of the THC; and (2) that the evidence was insufficient to support his conviction. (Docket #15-4 at 8). The court of appeals reversed and remanded the case in finding that: (1) the evidence was sufficient for the jury to find Smith guilty of possession with intent to deliver; but (2) that Smith was denied his right to have the jury determine the weight element. (Docket #15-7 at 18-19).

Both parties requested review by the Wisconsin Supreme Court, and the petitions were granted. (Docket #15-8). After briefing and oral argument, the Wisconsin Supreme Court issued a July 12, 2012 decision and order reversing the court of appeals. *State v. Smith*, 2012 WI 91, 342 Wis. 2d 710, 817 N.W.2d 410, *cert. denied*, 133 S. Ct. 635 (U.S. 2012) (Docket #15-15). A five-justice majority of the court held that, while Smith had a constitutional right to have the jury determine the amount of the drug, and the trial court determined this question for the jury without eliciting a proper waiver of that right from Smith, this error was harmless. *Smith*, 342 Wis. 2d 710, ¶¶ 46-75 (Docket #15-15 at 3). Additionally, the court unanimously concluded that the

evidence was sufficient to sustain the verdict *Smith*, 342 Wis. 2d 710, ¶¶ 27-45 (Docket #15-15 at 14-26).

Smith, by counsel, filed a petition for a writ of certiorari in the United States Supreme Court challenging the legal standard applied by the Wisconsin Supreme Court in rejecting his sufficiency-of-the-evidence claim (Docket #15-16). The Court denied the petition in a November 13, 2012 order (Docket #15-17).

2. DISCUSSION

Smith is entitled to habeas relief only if "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court begins by describing the standard that it must employ in determining whether Smith, in fact, is entitled to habeas relief. It then turns to the substance of his claims.

2.1 Standard of Review

Because the state courts adjudicated Smith's claims on their merits, the Court may grant a writ of habeas corpus only if the state court's decision was: (1) "contrary to…clearly established federal law, as determined by the Supreme Court of the United States"; (2) "involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (3) "was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(1–2); *see also Conner v. McBride*, 375 F.3d 643, 648–49 (7th Cir. 2004) (citing *Green v. Johnson*, 116 F.3d 1115, 1121 (5th Cir. 1997)).

"A state court decision is contrary to clearly established federal law if the court applies a rule that plainly contradicts the Supreme Court's governing rule or if it comes to a result different than did the Supreme Court

on substantially identical facts." *Avila v. Richardson*, 751 F.3d 534, 536 (7th Cir. 2014) (citing *Williams v. Taylor*, 529 U.S. 362, 405–06 (2000)); s*ee also Kamlager v. Pollard*, 715 F.3d 1010, 1016 (7th Cir. 2013) (citing *Bell v. Cone*, 535 U.S. 685, 694 (2002); *Williams*, 529 U.S. at 405–06; *McNary v. Lemke*, 708 F.3d 905, 913 (7th Cir. 2013)).

"A decision involves an 'unreasonable application' of Supreme Court precedent if the decision, while identifying the correct governing rule of law, applies it unreasonably to the facts of the case." *Bailey v. Lemke*, 735 F.3d 945, 949 (7th Cir. 2013) (citing *Williams*, 529 U.S. at 407). However, the Supreme Court has made clear that "an *unreasonable* application of federal law is different from an *incorrect* application of federal law." *Williams*, 529 U.S. at 410. In fact, Smith will be entitled to habeas relief only if he can "show that the state court's ruling on the claim…was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Harrington v. Richter*, 526 U.S. 86, 131 S.Ct. 770, 786–87 (2011); s*ee also Taylor v. Grounds*, 721 F.3d 809, 817 (7th Cir. 2013).

"A decision 'involves an unreasonable determination of the facts if it rests upon factfinding that ignores the clear and convincing weight of the evidence.'" *Bailey v. Lemke*, 735 F.3d 945, 949–50 (7th Cir. 2013) (quoting *Goudy v. Basinger*, 604 F.3d 394, 399–400 (7th Cir. 2010); citing *Ward v. Sternes*, 334 F.3d 696 (7th Cir. 2003)). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).

### 2.2 Substantive Analysis

With that standard of review in place, the Court now addresses Smith's claims for relief. Smith challenges his conviction on two grounds: (1) that his right to a jury trial was violated when the trial court answered an element of the charged offense for the jury based on the parties stipulation that the amount of THC seized exceeded 10,000 grams; and (2) that the evidence was insufficient to support his conviction for possession of THC with intent to deliver as a party to a crime. As discussed in detail below, the Court finds that Smith is not entitled to habeas relief on either ground.

#### 2.2.1 Right to a Jury Trial

Smith's first claim for relief is based upon his claim that his right to a jury trial was violated when the trial court answered an element of the offense for the jury based on a stipulation that the amount of THC seized exceeded 10,000 grams. The Wisconsin Supreme Court held that Smith had a constitutional right to a jury determination of the weight of the drug and that Smith had not made a knowing, intelligent, or voluntary waiver of that right (Docket #15-15 at 26); however, the court also held that the error was subject to harmless-error review and that the State "easily satisfied" that standard. (Docket #15-15 at 39). Smith does not explicitly attack the Wisconsin Supreme Court's holding that the error was harmless (*see* Docket #1 at 6), however, his brief in support does argue that the appropriate remedy for the error is a new trial. (Docket #16 at 24-25). As such, the Court will liberally construe Smith's petition as challenging the state court's holdings that the trial court's error is subject to harmless review and that the error was indeed harmless.

Where, as here, when the state court has conducted a harmless error analysis, this Court's role is to decide whether that analysis was a reasonable

application of *Chapman v. California*, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). *Kamlager v. Pollard*, 715 F.3d 1010, 1016 (7th Cir. 2013). Under *Chapman*, "before a federal constitutional error can be held harmless, the court must be able to declare a belief that it was harmless beyond a reasonable doubt." 386 U.S. at 24. An error is harmless if the state proves "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Id.* In applying *Chapman*, the Supreme Court has articulated the inquiry as such: "Is it clear beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error?" *Neder v. United States*, 527 U.S. 1, 18, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999). If the state court reasonably applied the *Chapman* standard, "the federal case is over and no collateral relief issues ." *Johnson v. Acevedo*, 572 F.3d 398, 404 (7th Cir. 2009). But if the state court unreasonably applied the *Chapman* standard, this court must make an independent decision, applying the *Brecht*[2] standard of "actual prejudice" to determine whether the error was harmless. *Id.*

Here, all parties agreed that Smith had a constitutional right to a jury determination of the weight of the drug and that Smith had not made a knowing, intelligent, and voluntary waiver of that right. However, the Wisconsin Supreme Court also found this error to be harmless. (Docket #15-15 at 32). In making this determination, the Wisconsin Supreme Court cited *State v. Harvey,* 2002 WI 93, 254 Wis.2d 442, 647 N.W.2d 189, for the proposition that it was "'clear beyond a reasonable doubt that a properly instructed, rational jury would have found the defendant guilty of the…

---

[2] *Brecht v. Abrahamson*, 507 U.S. 619, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). Under *Brecht*, a constitutional error is considered harmless unless it can be shown to have had a substantial and injurious effect or influence in determining the jury's verdict. *Id.* at 631.

[charged] offense.'" (Docket #15-15 at 39) (quoting *Harvey,* 252 Wis.2d ¶ 48). The *Harvey* court cites *Chapman* and *Neder* as the standard for its harmless error analysis. *Harvey,* 252 Wis.2d ¶¶ 46-47. The harmless error standard utilized by the Wisconsin Supreme Court is consistent with the standard as articulated in *Chapman* and *Neder* and thus the state court's decision was not contrary to, nor did it involve an unreasonable application of, Supreme Court precedent.

Nor was the state court decision based on an unreasonable determination of the facts in light of the evidence presented in the state proceeding. As the Wisconsin Supreme Court articulated,

> Smith has never disputed that more than 10,000 grams of THC were found in the packages seized from Kortbein. Quite to the contrary, he expressly admitted in the circuit court no fewer than four times that those packages contained THC in an amount greater than 10,000 grams, and the jury was informed of that admission. As a result, "it is clear beyond a reasonable doubt that a properly instructed, rational jury would have found [Smith] guilty of the…[charged] offense," "the error [therefore] cannot have contributed to the verdict," and it was consequently harmless. *Harvey*, 254 Wis. 2d 442, ¶48; *see also Neder*, 527 U.S. at 18 (holding that an error is harmless if it "did not contribute to the verdict," requiring a court to conclude "beyond a reasonable doubt that a rational jury would have found the defendant guilty absent the error").

(Docket #15-15 at 39-40). Where Smith did not dispute the weight element and repeatedly admitted to facts establishing the element, there can be no doubt that the jury would have found the weight element absent the trial court's error.

Smith has not shown that the Wisconsin Supreme Court harmless error analysis was an unreasonable application of *Chapman* and *Neder.* As such, Smith is not entitled to habeas relief on this ground.

### 2.2.2 Sufficiency of the Evidence

Smith claims that the court of appeals and Wisconsin Supreme Court erred in rejecting his argument that the trial evidence was insufficient to support the conviction.

The Due Process Clause of the Fourteenth Amendment "protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime for which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). When insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier of fact could have found proof beyond a reasonable doubt.'" *Cabrera v. Hinsley*, 324 F.3d 527, 533 (7th Cir. 2003) (citing *Jackson v. Virginia*, 443 U.S. 307, 319, 324 (1979)). The inquiry does not require the federal habeas court to "ask itself whether it believes that the evidence at trial established guilt beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (citing *Woodby v. INS*, 385 U.S. 276, 282 (1966)). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.*

A federal habeas court determines the sufficiency of the evidence in reference to the substantive elements of the criminal offense as defined by state law. *See Jackson*, 443 U.S. at 324 n.16. Under Wisconsin law, a defendant is guilty under the conspiracy prong of the party-to-a-crime statute, Wis. Stat. § 939.05(2)(c), if the State to proves the following: (1) there was an agreement among two or more persons to direct their conduct toward the realization of a criminal objective; and, (2) each member of the conspiracy individually consciously intended the realization of the particular criminal objective, and

had an individual stake in the venture. *State v. Hecht*, 116 Wis. 2d 605, 620 342 N.W.2d 721 (1984).

In this case, in considering Smith's sufficiency argument, the Wisconsin Supreme Court used a standard consistent with *Jackson*. While the state court did not cite to *Jackson*, it cited to *State v. Poellinger*, 153 Wis.2d 493, 451 N.W.2d 752 (1990), which pronounces a state law standard that is the functional equivalent to Jackson:

> [I]n reviewing the sufficiency of the evidence to support a conviction, an appellate court may not substitute its judgment for that of the trier of fact unless the evidence, viewed most favorably to the state and the conviction, is so lacking in probative value and force that no trier of fact, acting reasonably, could have found guilt beyond a reasonable doubt. If any possibility exists that the trier of fact could have drawn the appropriate inferences from the evidence adduced at trial to find the requisite guilt, an appellate court may not overturn a verdict even if it believes that the trier of fact should not have found guilt based on the evidence before it.

*Poellinger,* 153 Wis. 2d at 757–58 (internal citation omitted). As such, the Wisconsin Supreme Court identified the correct governing legal rule. Thus, the only issue before this Court to resolve on habeas review is whether the state court unreasonably applied that rule to the facts of Smith's case or unreasonably determined the facts in light of the evidence presented. In making that determination, it is important to recall that in a federal habeas corpus proceeding, the court's review is tempered by AEDPA's deferential constraints.

Smith principally argues that the State's case against him was built only on circumstantial evidence and asserts that such a case cannot be upheld on a sufficiency challenge if "the possible inferences from the state's proofs were no better than 'equally reasonable' with [his] innocent state of mind as

with [his] guilty state of mind, *State v. Haugen,* 52 Wis. 791, 796, 191 N.W.2d 12 (1971), and there was no rational basis for the jury to make a choice between them." (Docket #16 at 16).

Smith contends that the State's circumstantial case against him consisted of essentially three factual components: (1) that Smith previously introduced Thomas to Kortbein and that Thomas later asked Kortbein to receive delivery of packages for him; (2) that Thomas promised to pay money to Kortbein for the deliveries to her house and that Smith gave $400 in cash to Kortbein following the two previous deliveries; and (3) that the two packages delivered to Kortbein on September 20, 2006 contained marijuana. (Docket #16 at 16-17). Smith argues that in examining "these factual components in turn…[do] not support a reasonable inference of [his] guilt, much less provide a rational basis to choose between the alternative possibilities.

Keeping in mind the deferential habeas standard, the Court is obliged to deny relief on sufficiency of the evidence grounds. This case is not a direct appeal from a conviction in federal district court. Rather, it is a federal habeas corpus review of a state court conviction. Thus, the Court's review is tempered by AEDPA's deferential constraints. As previously stated, when insufficiency of evidence is asserted as the basis for a habeas petition, the petitioner must show "'upon the record evidence adduced at the trial no rational trier fact could have found proof beyond a reasonable doubt.'" *Cabrera*, 324 F.3d at 533 (7th Cir. 2003) (citing *Jackson*, 443 U.S. 307, at 319, 324). Smith has failed to do this.

> As summarized by the state court,
>
> the evidence suggested that Smith introduced Thomas and Kortbein and then facilitated the transfer of money from one to

> the other after Kortbein received the drugs and conveyed them to Thomas. Thus, the jury could reasonably have concluded that there was "[a]n agreement among two or more persons to direct their conduct toward the realization of a criminal objective," namely the delivery of marijuana. *Hecht*, 116 Wis. 2d at 625. Furthermore, Smith's personal involvement in the acts described above—i.e., the introduction of Thomas to Kortbein and the delivery of the money—supports a rational inference that he "individually [and] consciously intend[ed] the realization of the particular criminal objective." Id. He thus had "an individual stake in the venture," id., and the second element of PTC conspiracy was satisfied. Therefore, there was sufficient evidence for the jury to find Smith guilty of being a party to the crime of possession with intent to deliver more than 10,000 grams of THC.

(Docket #15-15 at 21-22). Viewing the evidence in the light most favorable to the prosecution, as the Court must, the Court cannot conclude that no rational trier fact could have found the essential elements of the party to a crime beyond a reasonable doubt.

As such, Smith cannot show that the state court unreasonably applied *Jackson* to the facts of his case or unreasonably determined the facts in light of the evidence presented. For these reasons, the Court must deny habeas relief on the second ground set forth in Smith's habeas petition.

3. CONCLUSION

Having concluded that none of Smith's claims form the basis for habeas relief, the Court is obliged to deny Smith's habeas petition.

Finally, under Rule 11(a) of the Rules Governing Section 2254 Cases, "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." To obtain a certificate of appealability under 28 U.S.C. § 2253(c)(2), Smith must make a "substantial showing of the denial of a constitutional right" by establishing that

"reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal citations omitted). While Rule 11(a) permits a district court to direct the parties to submit arguments on whether a certificate of appealability should be issued, additional arguments are not necessary here. As the Court discussed extensively above, reasonable jurists would not debate whether the petition should have been resolved in a different manner. No reasonable jurist would find it debatable that Smith's petition fails to make any showing—let alone a substantial showing—of a violation of a constitutional right. As a consequence, the Court must deny a certificate of appealability as to the petitioner's petition.

Accordingly,

IT IS ORDERED that the petitioner's petition for a writ of *habeas corpus* (Docket #1) be and the same is hereby DENIED;

IT IS FURTHER ORDERED that a certificate of appealability as to the petitioner's petition be and the same is hereby DENIED;

IT IS FURTHER ORDERED that the motion for extension of time (Docket #27) be and the same is hereby DENIED as moot; and

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED with prejudice.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 15th day of July, 2015.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge